CRAWLEY, Presiding Judge.
Richard A. Johnson (“the husband”) and Thresa L. Johnson (“the wife”) were divorced by the Mobile Circuit Court on February 12, 2003. The divorce judgment provided, in pertinent part:
“4. With respect to the [marital] homeplace, the home shall be listed for sale if the husband does not buy out the wife’s interest. The husband shall have first right of refusal to buy the wife’s interest out of the homeplace for $125,000.00 within 60 days. In the event the husband does not buy the wife’s interest out, the property shall be listed on the open market for sale through the Court-appointed commissioner Faye Brady at Lane, Lyons, Burton and Bullock. ...
“5. Pending the sale, the wife and child shall have exclusive possession of the homeplace and the husband shall pay the mortgage [of $711 per month] on the homeplace as periodic alimony.
“6. With respect to other periodic alimony, once the homeplace sells, the husband shall pay periodic alimony in the amount of $750.00 per month.”
The husband declined to buy out the wife’s interest in the marital home within 60 days of the entry of the divorce judgment, and the house was listed for sale in May 2003.
On January 21, 2005, the trial court entered an order approving a sale of the property. On January 27, 2005, the husband filed a motion to alter, amend, or vacate the order and to stay the sale on the ground that the proposed purchase price of $258,000 was substantially less than the appraised value of the property. On January 31, 2005, the trial court held a hearing on the husband’s motion, at which three witnesses' — the husband, the wife, and real estate commissioner Faye Brady — testified. In addition, the court received documentary evidence, including three real estate appraisals on the property. At the conclusion of the hearing, the trial court entered a judgment confirming its earlier order approving the sale and stayed the judgment conditioned upon the husband’s filing a supersedeas bond in the amount of $50,000. The husband appealed, arguing that the trial court had abused its discretion in approving the sale. The husband never filed a supersedeas bond.
On June 8, 2005, the wife filed with this court a motion for damages, asserting that the husband’s appeal was frivolous because the husband’s objection to the sale and appeal of the judgment affirming the sale resulted in the buyers’ withdrawing their offer on the property. The husband’s appeal is, therefore, moot.
The wife’s motion for damages is granted in the amount of $2,500, plus double her costs.
APPEAL DISMISSED AS MOOT.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.